UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE MICHAEL JONES,

        Petitioner,

v.

MILLICENT WARREN,

        Respondent.
_____/

CASE NO. 1:07-CV-894

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 23) and Petitioner Jones's Objections to it (docket # 26). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Mr. Jones's petition for habeas corpus relief be denied. Plaintiff filed objections two days after the extended deadline granted by the

Magistrate Judge, and Plaintiff offers no explanation for the delay. This alone is reason enough to accept and adopt the Report and Recommendation, and the Court so finds. *See Engle v. Ohio Dept. of Rehab. and Corr.*, 59 F. App'x 763, 764 (6th Cir. 2003). Even considering Plaintiff's objections on the merits, however, the Court finds the conclusion of the Report and Recommendation factually correct and legally sound.

Plaintiff's objections do not really attack the Report and Recommendation itself. Rather, they focus on the merits of Plaintiff's confrontation clause challenge to what happened in his state criminal trial. In that case, the trial judge admitted into evidence statements attributed in a police report to a purported eyewitness to the charged shooting. The statements identified Plaintiff as the shooter. The statements in the police report are obviously inadmissible hearsay in the ordinary course, and no doubt for that reason the prosecutor subpoenaed the eyewitness to testify at trial. The witness appeared at trial but refused to answer questions tying Petitioner to the crime because he feared for his personal safety. The basis for his fears were threats the witness said were made against him by people who the witness believed were acting at the behest of Petitioner. After investigating this claim in an evidentiary hearing outside the presence of the jury, the trial judge found by a preponderance of the evidence that the threats were traceable to Petitioner, and that Petitioner therefore forfeited the normal protections that would have prevented admissibility of the statements in the police report. From a legal point of view, this is an entirely non-controversial point: a defendant's misconduct in threatening a witness to prevent testimony opens the door to otherwise inadmissible evidence, such as the statements in the police report. FED. R. EVID. 804(6); *Davis v. Washington*, 547 U.S. 813, 833 (2006).

The gravamen of Petitioner's claim here is that the state trial judge made the wrong factual call in linking Petitioner to the threats, and in particular, that the state trial judge erroneously made

the call based only – or at least primarily – on further hearsay: namely Officer Johnson's report of what the mother of the intimidated witness said to Officer Johnson about a gang member's statements to her. This multi-layered hearsay was certainly significant to the trial judge's decision but it is not fair to say this is all the trial judge used. The Report and Recommendation details the factual record and the credibility inference drawn by the trial judge and ably demonstrates why the record does not rise to the level justifying action under the factual prong of AEDPA review. Moreover, under the legal prong of AEDPA review, the Report and Recommendation plainly demonstrates the absence of clearly established Supreme Court authority precluding use by the trial judge of a preponderance of the evidence standard, or consideration by the trial judge of hearsay statements in deciding the forfeiture question. So under the controlling AEDPA standard, this Court agrees with the Report and Recommendation that Petitioner has failed to establish a basis for relief.

When it comes to a Certificate of Appealablity, however, the Court does not find this matter so clear as to say that no reasonable jurist could see things the other way. To the contrary, there is something facially incongruous about forfeiting a defendant's Confrontation Clause rights and allowing the jury to consider otherwise inadmissible hearsay based on a trial judge's own factual determinations that rest primarily on still more hearsay – and multiple level hearsay at that. On the other hand, the very nature of the forfeiture inquiry requires the Court to step into the shadowlands of intentionally veiled and vague threats that naturally require proof by indirection and inference. The balance is a delicate one, both as a matter of fact and law. This Court believes the trial judge performed the balancing act properly, and in any event not in a way that warrants Petitioner's request for relief under the AEDPA standards. But reasonable jurists could surely see the matter differently and in any event the Court believes these issues would benefit from appellate consideration.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 20, 2010 (docket # 23), is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner Jones's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **GRANTED**.


Dated:     September 22, 2010               /s/ Robert J. Jonker
                                                                       ROBERT J. JONKER
                                                                       UNITED STATES DISTRICT JUDGE